UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

WILLIAM R. YOUNGER,

    Plaintiff,

vs.

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC., an Oklahoma Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, **WILLIAM R YOUNGER,** by and through undersigned counsel, hereby sues the Defendant, **LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.,** an Oklahoma corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181, et seq., ("Americans with Disabilities Act" or "ADA").

## JURISDICTION

1. The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiffs claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's violations of Title III of the Americans with Disabilities Act. Plaintiffs claims are authorized by 28 U.S.C. § 2201 and 2202.

## PARTIES

2. The Plaintiff, **WILLIAM R YOUNGER, is** a long distance truck driver. Mr.' Younger is disabled as defined by the ADA and is substantially limited in performing one or more major life activities, including, but not limited to, walking, standing, shopping, doctor visits and other major life activities. Mr. Younger is a resident of the State of Florida and this judicial district, and is

*sui juris*. Mr. Younger has suffered direct injury as a result of the Defendant's actions or inaction described herein. Mr. Younger personally visited Defendant's premises and was personally limited by the barriers present at Defendant's premises, resulting in the instant lawsuit. Such barriers constitute discrimination prohibited by the ADA. Mr. Younger will visit the premises in the near future to avail himself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

3. The Defendant, **LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.,** an Oklahoma corporation, is authorized and engaged in the transaction of business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as "Love's Truck Stop," located at or about 1548 State Road 559, Polk City, Florida (hereinafter, the "Facility").

## INTRODUCTION

4. On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA), 42 U.S.C. $12101 et. seq., establishing the most important civil rights law for persons with disabilities in our country's history.

5. The Congressional statutory findings include:

   (a) some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

(e) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

6. Congress explicitly stated that the purpose of the ADA was to:

(a) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(c) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1),(2) and (4).

7. Congress provided commercial businesses one and a half years from the effective date, to implement the requirements imposed by the ADA. The effective date of Title III of the ADA, was January 26, 1992. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

8. The Facility is a public accommodation and service establishment.

9. Pursuant to 42 U.S.C. § 12181(7), 28 C.F.R. § 36.104, the premises which are the subject of this action are public accommodations covered by the ADA and must be in compliance therewith.

10. The Facility must be, but is unable to be, accessed by individuals with disabilities, including the Plaintiff.

11. The Defendant has discriminated and continues to discriminate against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

12. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by failing to make reasonable accommodations in policies, practices or procedures which are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities. 42 U.S.C. 12182(b)(2)(A)(ii).

13. The Plaintiff has been unable to and continues to be unable to enjoy full and safe access to, and the benefits of the services offered at Defendant's premises. Prior to the filing of this lawsuit, Plaintiff visited the premises and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. Plaintiff continues to desire to visit Defendant's premises, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers and discriminatory policies and procedures which remain at Defendant's premises in violation of the ADA. Mr. Younger has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's deliberate and knowing continuing violations of the ADA.

14. Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

15. The Defendant is in violation of 42 U.S.C. § 12181 et seq., 28 C.F.R. 36.302 et seq., and FBC (Florida Building Code, Chapter 11, Florida Accessibility Code for Building Construction, effective March 1, 2002, the "Code", chapter 11-4.6), and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

**Parking**

a. There is no disabled parking provided for trucks, in violation of Sections 4.1.2 and 4.6 of the ADAAG.

b. There is not an accessible route connecting all public areas, elements and spaces at the Facility. ADAAG 4.3.

c. There is no accessible route from the truck parking areas to the Facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

**Entrance Access and Path of Travel**

l. There are restrooms for public use at the facility without the required disabled use elements, and no accessible route fiom the truck parking areas to the restrooms, in violation of several sections of the **ADAAG.**

m. There is insufficient clear floor space to access goods or services at the facility, and there is no accessible route from the truck parking areas to the retail and eating establishments located on the truck stop site, in violation of several sections of the **ADAAG.**

**Restrooms**

o. There is no accessible route fiom the truck parking areas to the restroom and shower facilities, in violation of several sections of the ADAAG.

16. There are other current violations of the ADA at the facility owned and operated by the Defendant that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiffs representatives can all said violations be identified.

17. To date, the readily achievable barriers and other violations of the **ADA** still exist and have not been remedied or altered in such a way a to effectuate compliance with the provisions of the ADA.

18. The Plaintiff has been and continues to be denied access to, and has been and continues to be denied the benefits of the services of the premises and its facilities, and has otherwise been and continues to be discriminated against and damaged by Defendant, because of Defendant's **ADA** violations set forth above. The Plaintiff will continue to be discriminated against unless and until he is granted the relief provided by the ADA as requested herein.

19. The barriers to access at the property have effectively denied or diminished the Plaintiffs ability to visit the property and have endangered his safety. Barriers to access involving path of travel and parking at this property have posed a risk of injury to the Plaintiff. Other barriers to access as described in this Complaint cause similar risk of injury, embarrassment or discomfort to the Plaintiff.

20. The Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the **ADA** with respect to these property as described but not necessarily limited to the allegations in paragraph 14 of this Complaint.

21. Any and all requisite notice, if any, has been provided to Defendant. Furthermore, such notice is not required as a result of Defendant's failure to cure the violations by 26 January 1992 (or 26 January 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less), or because the subject premises was built subsequent to the effective date of the ADA, and was not built in compliance to it.

22. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses

incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE,** the Plaintiff requests the Court to issue a permanent injunction enjoining the Defendant from further discriminatory practices, ordering the Defendant to alter the subject premises as appropriate to comply with the ADA, closing the subject premises until the requisite modifications are completed, and awarding Plaintiff his attorneys' fees, costs and expenses incurred in this action.

DATED this __15th__ day of December, 2006.

        Respectfully submitted,

        AURILIO & ASSOCIATES, P.A.
        Attorneys for Plaintiff
        3307 Northlake Boulevard, Ste. 105
        Palm Beach Gardens, Florida 33403
        Telephone: 561-627-5300
        Facsimile: 561-625-5629
        Email: cmitchell@auriliolaw.com

By: _C. Mitchell_
        CYNTHIA K. MITCHELL
        Florida Bar No. 0571563