UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:06-cv-02379-RAL-MAP

WILLIAM YOUNGER,

    Plaintiff,

v.

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC., an Oklahoma Corporation,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTIONS FOR PROTECTIVE ORDER AND TO STAY PROCEEDINGS**

Defendant, Love's Travel Stops & Country Stores, Inc., hereby responds in opposition to Plaintiff's Emergency Motions for Protective Order and to Stay Proceedings (Dkt. 23) and states as follows:

Defendant does not object to a postponement of the depositions scheduled for Monday, October 29, 2007, if this court extends the pretrial deadlines to complete discovery (November 2, 2007), file dispositive motions (November 9, 2007), pretrial conference (December 10, 2007), file trial brief and findings of fact and conclusions of law (January 2, 2008) and the trial set for January 7, 2008. (Dkt. 9, 18) However, Defendant does object to the complete cancellation of these depositions and to the postponement of these depositions without the granting of an extension of the pretrial deadlines and trial. Defendant opposes these motions because as explained below Defendant needs Plaintiff's deposition to properly

defend this case. Based on the allegations in the Complaint, the Plaintiff's deposition is relevant to the claims and defenses in this action.

A.      **Plaintiff's claim under Title III of ADA places his disability at issue**

Plaintiff, William R. Younger, has sued Defendant alleging a violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a). To establish a claim under Title III, Plaintiff must establish that:

1.      plaintiff is an individual with a disability;

2.      defendant owned, leased, or operated a place of public accommodation; and

3.      defendant discriminated against plaintiff on the basis of his/her disability.

See Larsen v. Carnival Corp., Inc., 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003). The first element that Plaintiff must establish is that he is disabled as that term is defined by 42 U.S.C. §12102(2); 28 C.F.R. §36.104. In the ADA, Congress has defined "disability" as a (1) physical or mental impairment that substantially limits one or more of the major life activities of an individual; (2) a record of such impairment; or (3) being as having such impairment. See 42 U.S.C. § 12102(2); 28 C.F.R. §36.104. An individual is deemed "disabled" for purposes of the ADA if he can satisfy one of these three enumerated definitions. A physical impairment, standing alone, however, is not necessarily a disability as contemplated by the ADA. See Pritchard v. Southern Company Services, 92 F.3d 1130, 1132 (11th Cir. 1996).

However, to constitute a disability under the ADA, the impairment must substantially limit one or more of the individual's major life activities.  See id.

**B.     Information relating to Plaintiff's disability is critical to establish defense**

Plaintiff has stated in his Complaint that he is disabled.  He has put his physical condition at issue by claiming that he is disabled and entitled to the protections afforded by the ADA.  Defendant is seeking information to determine Plaintiff is an individual with a disability.  Plaintiff cannot avoid the issue of his disability by simply stating in a conclusory manner that he is disabled.

In his response to interrogatories, Plaintiff has stated that his disability is degeneration of his knee which required a total right knee replacement.  See Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories to Plaintiff attached hereto as Exhibit A, p. 10.  This is insufficient to establish a disability.

Defendant has subpoenaed the medical records for all medical providers that Plaintiff has alleged treated him because of his disability.  The medical records received are also insufficient to establish Plaintiff's disability.  See medical records produced by Drivers Medical Depots attached hereto as Exhibit B, and medical records produced by Clark & Daughtrey Medical Group attached hereto as Exhibit C.  These records provide limited medical information regarding Plaintiff's orthopedic condition.  Id.

**C.     Depositions scheduled for Monday, October 29, 2007**

Defendant has scheduled the depositions of Plaintiff several times.  Discovery in this case closes on Friday, November 2, 2007.  Defendant has scheduled the deposition of

Plaintiff and Nancy Younger, Plaintiff's wife, for Monday, October 29, 2007. <u>See</u> notices for deposition attached hereto as Exhibits D and E, respectively

**D.    <u>Defendant is entitled to depose Plaintiff</u>**

Plaintiff has filed an emergency motion seeking to either cancel the depositions or postpone the depositions. (Dkt. 23)  Plaintiff alleges that his health would prevent him from being deposed. (Dkt. 23). Plaintiff is now alleging that he has another physical impairment that would prevent him from being deposed.  In fact, Plaintiff's alleged medical condition may prevent him from continuing with this case.  His alleged current medical condition unrelated to his visits to Defendant's facility or this action.  Plaintiff is alleging he has cognitive difficulty and/or dysfunction as a result of carbon monoxide exposure. (Dkt. 23). If Plaintiff is unable to recall his visit or visits to Defendant's facilities or is unable to work as a truck driver and is unable to return to Defendant's store, he would be unable to allege a real and immediate threat of future enjoy and seek injunctive relief.  <u>See</u> <u>Brother v. Tiger Partner, LLC</u>, 331 F.Supp. 2d 1368, 1372 (M.D. Fla. 2004); <u>see also</u> <u>Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.</u>, 528 U.S. 167, 180-81 (2000); <u>Shotz v. Cates</u>, 256 F.3d 1077, 1081 (11th Cir. 2001).  An intent to return "someday" is not enough to support a finding of the actual or imminent injury that this case would require.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-51 (1992).  If Plaintiff is unable to establish one of the essential elements of his case, his case must be dismissed.  Accordingly, Defendant respectfully requests that this court either dismiss Plaintiff's action or deny Plaintiff's motion for a protective order and require that Plaintiff appear for his deposition on Monday, October 29, 2007 at 10:00 a.m. as scheduled.

E.  **Defendant is entitled to depose Nancy Younger**

In support of her motion for protective order, Mrs. Younger states that she must care for her husband 24 hours a day. (Dkt. 23-3). Ms. Younger is not seeking a protective order for any of the reasons set forth in Rule 26(c), Federal Rules of Civil Procedure. Mrs. Younger's affidavit has not adequately demonstrated that annoyance, embarrassment, oppression, undue burden or expense. Her stated reasons for needing a protective order are not sufficient for a complete postponement of her deposition. Accordingly, Defendant respectfully requests that this court deny Nancy Younger's motion for a protective order and require that Mrs. Younger appear for her deposition on Monday, October 29, 2007 at 2:00 p.m. as scheduled.

F.  **Defendant would be prejudiced by stay without deposing Plaintiff**

Additionally, Plaintiff seeks a stay of this action alleging that the issue of whether the ADA requires Defendant to provide designated handicapped parking spaces for semi-trailer trucks or tractor-trailers is a legal question. Although this is a question in this case which may also be dispositive, there is a preliminary question that must be addressed: whether Plaintiff is an individual with a disability. See Larsen v. Carnival Corp., Inc., 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003). There is also the question whether Plaintiff has standing to seek injunctive relief beyond the complained of barriers to access. In determining whether Plaintiff has adequately asserted a claim under Title III of the ADA, his particular disability and his encounter with the alleged barriers to access are relevant factors to be considered. Because these factors are inherently fact-specific and require individualized proof, Defendant

must depose Plaintiff.  Discovery in this action cannot be stayed without allowing Defendant the opportunity to depose the Plaintiff himself and ascertain facts regarding his disability.

Staying discovery at this time would prejudice Defendant by preventing it from obtaining information to a critical issue in the case.  This case has passed the motion to dismiss stage.  To file a complete motion for summary judgment, Defendants need to address all issues in the case.

Moreover, staying discovery at this time will not assist the court or conserve judicial resources.  Finally, Defendant should not be penalized because it timely noticed Plaintiffs for deposition.  To date, Plaintiff has failed to notice the depositions of Defendant's corporate representative.  Plaintiff noticed Defendant's expert for deposition and that deposition could be rescheduled to a date on which the expert is available.  Accordingly, Defendant respectfully requests that this Court deny Plaintiff's motion for stay.

### G. Plaintiff's medical records do not establish Plaintiff's disability or current medical condition

To support his motions, Plaintiff has submitted the affidavit John McElligott M.D., FACP.  (Dkt. 23-1).  In his affidavit, Dr. McElligott is careful to state he did not treat Mr. Younger in July 2007.  He states he was called and advised that Mr. Younger was exposed to an acute dose of diesel emissions.  (Dkt. 23-1).  The medical records received from Professional Drivers Medical Depots the entity that employs Dr. McElligott reveal that Dr. McElligott saw Mr. Younger on January 17, 2007 for a knee injection.  See Exhibit B.  That is the only treatment given to Mr. Younger by Dr. McElligott.  See Exhibit B.  Any other opinions given by Dr. McElligott are not based on his treatment of Mr. Younger.  Moreover,

Dr. McElligott's medical records offer no assistance as to Plaintiff's physical disability or mental condition.

The medical records received from Clark & Daughtrey Medical Group, P.A. indicate that Mr. Younger visited Dr. Ivan Diaz on August 6, 2007 for a follow up. See Exhibit C. Dr. Diaz stated in his report for that visit that he discussed with Mr. Younger his "once acute exposure" to carbon monoxide poisoning and advised him that he is "not aware of problems occurring from carbon monoxide poisoning after the acute phase has been addressed and treated." Dr. Diaz recommended that they seek more information regarding the condition if they are concerned regarding neurological issues. See Exhibit C – notes of 8/6/07 visit. Therefore, these medical records offer little information to determine Mr. Younger's disability or mental capacity for deposition.

**H.     Defendant is entitled attorneys' fees and costs**

Pursuant to Rules 37(a)(4), and 26(g)(3), Defendant respectfully requests that this Court sanction Plaintiff and his counsel pursuant to its inherent powers, for filing the Emergency Motion in the face of all of the facts to the contrary, and for Defendant's fees and costs incurred in responding to the Emergency Motion.

Wherefore, Defendant, Love's Travel Stops & Country Stores, Inc., respectfully requests that this Court enter an Order:

(a)     Denying Plaintiff's Emergency Motion for Protective Order;

(b)     requiring that Plaintiff appear for his deposition as scheduled;

(c)     requiring that Nancy Younger appear for her deposition as scheduled

(d)   instructing Plaintiff to comply with discovery and the applicable rules of this Court;

(e)   awarding Defendant attorneys' fees and costs associated with having to respond to Plaintiff's frivolous Emergency Motion for Protective Order and Motion to Stay Proceedings;

(f)   dismissing this case with prejudice should Plaintiff continue to fail to comply with this Court's Orders or be unable to provide testimony in this case.

Respectfully submitted,

s/Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
FBN. 821690
erodriguez@fordharrison.com
Ford & Harrison LLP
100 S.E. 2nd Street, Suite 4500
Miami, FL 33131
(305) 808-2143
(305) 808-2101 - facsimile
Attorneys for Defendant

Case No.: 8:06-cv-02379-RAL-MAP

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Compliance has been electronically filed with the Clerk of the Court using CM/ECF this 26th day of September, 2007. I further certify that the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

### SERVICE LIST

**William Younger vs. Love's Travel Stops & Country Stores, Inc.**
**Case No.: 8:06-cv-02379-RAL-MAP**
**United States District Court, Middle District of Florida**

Cynthia K. Mitchell, Esq.
cmitchell@auriliolaw.com
Aurilio & Associates, P.A.
3307 Northlake Boulevard
Suite 105
(561) 627-5300 – phone
(561) 625-5629 – facsimile
Attorney for Plaintiff
Party's Name: William Younger

Method of Service: CM/ECF

s/ Elizabeth M. Rodriguez
Elizabeth M. Rodriguez

Miami:88696.1