Younger vs. Love's Travel Stops
Case No.:  8:06-cv-2379-RAL-MAP

# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. YOUNGER,

       Plaintiff,

vs.                              CASE NO.: 8:06-cv-2379-T-26MAP

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC., an Oklahoma Corporation,

       Defendant.

_____/

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, WILLIAM R. YOUNGER, responds as follows to Defendant's First Set of Interrogatories ("Interrogatories") to Plaintiff.

### I.   GENERAL RESPONSES.

1.      Plaintiff's response to the Interrogatories is made to the best of his present knowledge, information, and belief.  Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Plaintiff's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from his further discovery or investigation.  Plaintiff reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

2.      Plaintiff reserves all objections or other questions as to the competency, relevance,

materiality, privilege or admissibility as evidence in any subsequent proceeding in trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and any document or thing identified or provided in responses to the Interrogatories.

3.     Plaintiff reserves the right to object on any ground at any time to such other or supplemental interrogatories as Defendant may at any time propound involving or relating to the subject matter of these interrogatories.

## II.   GENERAL OBJECTIONS.

Plaintiff makes the following general objections, whether or not separately set forth in response to each interrogatory, to each and every instruction, definition, and interrogatory made in the Interrogatories:

1.     Plaintiff objects generally to the Interrogatories, insofar as any such interrogatory seeks information protected by the attorney-client privilege or the work product doctrine.  Such information shall not be provided in the response to the Interrogatories and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine that may attach thereto.

2.     Plaintiff objects to any definition, instruction, or interrogatory to the extent it seeks to require Plaintiff to identify anything other than the specific claim of privilege or work product being made and the basis for such claim, on the grounds that the additional information sought by Defendant would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and constitutes information protected from discovery by privilege and as work product.

3.     Plaintiff objects to any definition, instruction, of interrogatory to the extent it

seeks to require Plaintiff to identify documents not currently in Plaintiff's possession, custody or control, or to identify or describe persons, entities or events not known to Plaintiff, on the grounds that such definition, instruction, or interrogatory seeks to require more of Plaintiff than any obligation imposed by law, would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Defendant.

4.      Plaintiff objects to any definition or instruction to the extent it purports to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders said interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

5.      Plaintiff objects to any definition, instruction, or interrogatory to the extent it seeks to require Plaintiff to identify natural persons by providing an address other than the last known business address on the grounds that the additional information sought by Defendant would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Defendant.

### III.   Specific Objections and Responses to Interrogatories.

**1.     State your current full name, and any prior names, martial status and the full name, age and present address of your present and former spouses and children, if any, your Social Security number, date and place of birth.**

**ANSWER:**

Objection - Mr. Younger objects to this request as irrelevant, overly broad, burdensome, meant to harass or annoy and not reasonably calculated to lead to the discovery of admissible evidence.  Mr. Younger's former spouses and children have nothing to do with Mr. Younger's claims.  Without waiving any of the foregoing, Mr. Younger states:

William Robert Younger
Born: September 7, 1934
Birth Place: Madison, Wisconsin

Married to:
Nancy Tamara Younger, age 42
12217 Old Dade City Road
Kathleen, Florida 33849

2.      **Please provide your current home address, and any other addresses where you have resided for the past 5 years.**

      **ANSWER:**

      12217 Old Dade City Road
      Kathleen, Florida 33849

**3.      Please state and describe the educational history of the Plaintiff from high school to date.  List the name and address of each school, including correspondence schools, in which you have been enrolled since leaving high school, the inclusive dates of enrollment and the degree, diploma, or certificate you received from each such school.  Also indicate for each school, the circumstances under which the Plaintiff left, if no degree was obtained.**

**ANSWER:**

Objection - irrelevant, overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This information has nothing to do with Mr. Younger's claims.  Without waiving any of the foregoing, Mr. Younger states:

| | |
|---|---|
| High School: | Madison East<br>Madison, Wisconsin<br>No Degree, Work |
| Technical School: | Madison Vocational Technical School<br>Madison, Wisconsin<br>1950-1952<br>Certificate of Completion |
| University: | University of Wisconsin<br>Madison, Wisconsin<br>1971<br>Certificate of Completion |

4.    **Please state and describe your work history, indicating the name of your immediate supervisor, your job title, your job duties and responsibilities and the duration of the job.**

**ANSWER:**

Objection - irrelevant, overly broad, too vague, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This information has nothing to do with Mr. Younger's claims.  Without waiving said objections, Mr. Younger states:

WRY Enterprises
Business Owner
Truck Driver
Operate truck, load and unload as able, paperwork and dispatch
2003 to Present

San Juan Pool Company
James Evans
Driver
Operate Truck
1997-2003

WRY Enterprises / Packard Transport
Business Owner
Driver
Operate truck, load and unload as able, paperwork
1995-1997

Independent Contractor for Justice Salvage
Supervisor of Operation
Supervise employees and operate truck
1993-1995

5.      Have you ever been convicted of a crime, other that any juvenile adjudication, which under the law under which your were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonestly or a false statement regardless of the punishment?  If so, state as to each conviction, the specific crime, the date, and the place of the conviction.

**ANSWER:**
No.

6.   **Please provide:**
     a)   the number of any and all current driver's license issued to you;
     b)   the model and manufacture of your automobile and/or truck; and 3) when, where and in what way your automobile or truck was modified for accessibility.

**ANSWER:**

a)   Y526936343270
b)   2006 Freightliner M2
c)   Purchased as fully automatic with no clutch or shifter.  Purchased with 4 doors for later implementation of any necessary modifications for lift devices.  Purchased with extra handles for assist with entry and exit.  No slip pads installed on steps. Air ride seats, Air ride cab, and Air Suspension to minimize road shock on joints.

7.    Please describe, in detail, every disability you claim to have as the term is defined by the ADA, and include the following information;

    a)    your medical diagnosis;

    b)    the specific limitations on your daily life activities resulting from your medical diagnosis;

    c)    any assistive devices utilized by you, including but not limited to a wheelchair, cane, service animal, TDD telephone, etc.;

    d)    the name and address of the physician treating you for the condition requiring you to use an assistive device.

**ANSWER:**

    a)    Total knee replacement in right leg.
           Degeneration of Knee (Bone and cushion).
           Degeneration of Joints (right shoulder, neck and back)

    b)    Knee remains painful as surgery was not entirely successful. Limitations include: walking long distances, standing for long periods of time, climbing and maneuvering up and down stairs and high curbing, difficulty kneeling or squatting, and limitations in leg strength.

           Knee is very painful, limiting ability to walk moderate distances without severe pain. Limits ability to climb or descend stairs and/or high curbing, limits ability to stand for long periods of time, can not squat without extensive pain, limited strength in leg, limits amount of time involved in mobile activities and social activities requiring mobility, and limits ability to perform marital relations.

    c)    Mr. younger uses a cane, a knee brace on left leg, and a scooter.

    d)    Physicians:    PDMD Clinic (intermediary medical support)
                        Watt Road
                        Knoxville, Tennessee

                        Dr. Goodman (orthopedist)
                        Lakeland, Florida

                        Family Chiropractic
                        Dr. Reckert
                        Lakeland, Florida

**8.    List every single date(s) (both before and after the filing of this lawsuit) on which you patronized the property which is the subject of this lawsuit, and for each date(s), please provide the following information: 1) the architectural barriers which you contend prevented you from fully accessing the benefits, accommodations and services at the subject property.**

**ANSWER:**

While I do not recall from memory the details and particulars of each specific visit, I have on several occasions attempted to access the Defendant's premises. Usually on each outbound trip. There is no designated handicap parking at this site, so if I want to eat from the restaurant, my wife has to bring my food out to me. There is no place close to park my truck (no handicap truck parking), so I use a bottle in my truck for urinating and can't find parking so I can't shower there. Sometimes, boxes, racks, and aisle displays prevent me from getting around inside with my cane (when I can leave my truck in the fuel island). Establishment personnel will not turn on pumps even after I notify them of my disability and will not send someone out to get my credit cards if I have to park at the further fuel bays. If I can't get to the fuel pump right next to the door, I have to get my wife out of the bunk to run my cards in to the clerk. Usually, there is such a long line, I have trouble standing in line twice, after fueling, to leave cards and pay for fuel.

9.      If you have previously been a party to any lawsuit (other than this lawsuit), or charge or claim to an administrative or governmental agency, state the date and file number of each suit, charge, or claim; the name by which you were then known; the court or agency (state, federal, or local) in which it was brought; the name of all other parties; the proper designation (e.g., civil action, charge, or claim number) of the suit or charge; whether you were plaintiff, defendant, charging or charged party; the nature of such suit (e.g., if civil, personal injury, or if criminal, theft), or charge (e.g., EEOC - sex or disability; OSHA - safety or heath), or claim (e.g. workers' or unemployment compensation); the factual basis of each suit, charge, or claim; and the disposition of each such lawsuit, charge, or claim.

**ANSWER:**

Mr. Younger objects on the bases of relevance, that providing the information would be unduly burdensome, and the request is overly broad. However, and without waiving any of the foregoing, Mr. Younger states:

Workers' Compensation
Don't remember date(s)
State Court, Charging Plaintiff
Personal Injury
Injured on job, Disability rating determined, case settled

Page 12 of 24

10.     State the name and address of every person known to you, your agents, or attorneys who has knowledge about, or possession, custody or control, of any video tape, photograph or model pertaining to any fact or issue involved in this controversy and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

Objection - calls for information protected by the attorney-client and work product privilege; overly broad; too vague.  Without waiving the foregoing, Plaintiff states:

William Norkunas
ADA Help, Inc.
644 N.E. 14th Avenue
Ft. Lauderdale, FL 33304
Mr. Norkunas prepared Plaintiff's Expert Report dated April 23, 2007.

11.    Please set forth the names and addresses of any persons believed by you or known by you, or your attorney, to have knowledge concerning the facts alleged in your complaint.

ANSWER:

Objection - calls for information protected by the attorney-client and work product privilege; overly broad; too vague.  Without waiving the foregoing, Plaintiff states:

Nancy Younger
12217 Old Dade City Road
Kathleen, Florida 33849

12.    **State the names and address of all doctors whom you have seen or consulted with during the past five (5) years preceding the filing of this action and the nature of the ailment, illness, incident, or reason for consultation, the date of consultation, and treatment given.**

**ANSWER:**

Objection. The request is overly broad, overly burdensome, irrelevant and not calculated to lead to admissible evidence.  Without waiving any of the foregoing, Plaintiff provides the following information regarding doctors he has treated with during the past five (5) years relating to his disability:

PDMD Clinic (intermediary medical support)
Watt Road
Knoxville, Tennessee
Injection of Synvisc for pain in knee

Dr. Goodman (orthopedist)
Lakeland, Florida
Knee replacement, Syn Vise injections, continued support for knee problems

Family Chiropractic
Dr. Reckert
Lakeland, Florida
Degeneration of bones in neck and back, Spinal adjustments

13.    Give the names and addresses of all the hospitals or rehabilitation centers where you have been an in patient or an out patient providing as to each the date of admission and discharge, the nature of the ailment or illness for which you were admitted, the nature of the services performed, and the name and address of any attending physician, surgeon, or physical therapist.

ANSWER:

Objection.  The request is overly broad, overly burdensome, irrelevant and not calculated to lead to admissible evidence.  Without waiving any of the foregoing:

Lakeland Regional Hospital
Lakeland, Florida
6/6/06-6/12/06
Heart Bypass Surgery

Lakeland Regional Hospital
Lakeland, Florida
2004
Knee replacement surgery

14.    Please provide the date or dates that you visited Defendant's premises as alleged in your Complaint and also indicate which areas or sections of the Defendant's premises you attempted to access, whether you made any purchases and also why you intend to "visit the premises in the near future or to avail [yourself] of the goods and services offered" there.

**ANSWER:**

I have visited the Defendant's premises several times but do not recall specific dates. I buy fuel and any other tools needed for my trade.  On occasion I buy food from the restaurant.  I would like to visit the premises in the near future to purchase the same goods and for the same reasons, once the property is made accessible and ADA-compliant; in the meantime, I fear continued discrimination as a result of the non-compliant conditions on the premises.

**15.    With whom did you communicate, if anyone, regarding any of the alleged non-compliances and/or barriers of the Defendant's property as further set forth in your Complaint.**

**ANSWER:**

I and/or my wife have complained so many times about the various non-compliant conditions and barriers present, to so many different employees and/or managers, at so many different truck stops, including Love's, that it is impossible to remember details.  Nor is it feasible for me and/or my wife to take the time out of our work to write down names and details. I know I have asked the acting manager to have designated handicap parking spaces installed so I could use the restaurant, shower, and store.  I have also asked that they turn the pumps on for me so I can fuel without having to make extra trips to the fuel desk, or that they send personnel out to get my cards for me.  Once, I complained to the clerk because they were "storing" boxes in aisles and it made it difficult for me to get around inside the store.

16.     Were any statements taken of any party or other person about any issue raised in the pleadings herein?  If so, please state the names and complete current addresses and telephone numbers of all person whose statements have been taken, where the statements where taken, who took the statements, whether the statements were transcribed or otherwise recorded and the complete current name, address and telephone number of all persons who have custody of such statements.

**ANSWER:**

Don't know of any.

**17.    Please describe all prior worker's compensation claims or personal injury claims including the name of the adverse party, date of injury, type of injury, treatment received and resolution of claim.**

**ANSWER:**

Objection.  The request is overly broad, overly burdensome, irrelevant and not calculated to lead to admissible evidence.  Without waiving any of the foregoing, Plaintiff states:

Worker's Compensation claim against American Environmental Container Corporation (a.k.a. San Juan Pools). Date of the injury was some time in 2000, I believe.  My truck was so close to a strike of lightning it created an air disturbance which moved the truck sideways.  I sustained injury to my neck and electrical injuries to my brain.  Treatment received was from an osteopath in Plant City, a specialist in Tampa for recurring headaches and migraines and Dr. Reckert from Family Chiropractic in Lakeland, Florida for adjustments to neck/back and pinched sciatic nerve.

**18.    Please state all the facts and/or grounds upon which you rely to demonstrate or believe indicate that the Defendant is in violation of the Americans with Disabilities Act of 1990.**

   **ANSWER:**

   Objection - calls for information protected by the attorney-client and work product privilege; calls for a legal conclusion and interpretation of the ADA and Plaintiff is not an expert. Without waiving any of the foregoing, Plaintiff states that Plaintiff's expert conducted an inspection of the property at issue in this case. The expert found that the property was in violation of the ADA, and was inaccessible to individuals with disabilities. The property has barriers to access that restrict and/or limit Plaintiff's ability to access the Facility, including the goods and services offered therein, and the facilities provided therein, including parking, shower, store, and restrooms.

19.     **Please state with specificity what parking Defendant was required to provide as stated in Paragraph 15 of the Complaint.**

    **ANSWER:**

    Objection - calls for information protected by the attorney-client and work product privilege; calls for a legal conclusion and interpretation of the ADA  Further, Plaintiff is not an ADA expert.

Sep 17 2007 10:11AM   URY ENTERPRISES          8638159507          P.1

Received Fax :          Sep 14 2007 6:10PM   Fax Station :   URY ENTERPRISES          p . 24

109/14/2007 06:53 FAX 561 825 5829          Aurilio & Associates P A                    ☒024

## <u>VERIFICATION</u>

<u>William R Younger</u>
WILLIAM YOUNGER

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF Pasco           )

    The forgoing instrument was acknowledged before me this 17ᵀᴴ day of Sept , 2007, by  William Younger          , who is personally known to me or who has produced          DL          as identification, and who, after being duly sworn and cautioned deposes and said that the forgoing Answers to Interrogatories are true and correct to the best of his/her knowledge and belief.

MICHAEL P DeLESSIO
Comm# DD0497094
Expires 12/6/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc

<u>M P De 2</u>
NOTARY PUBLIC STATE OF FLORIDA

My commission expires: 12/6/09

Page 23 of 24

Respectfully submitted,

By: _____
Cynthia K. Mitchell, Esquire
Florida Bar No. 571563
cmitchell@auriliolaw.com
Aurilio & Associates, P.A.
3307 Northlake Boulevard, Suite 105
Palm Beach Gardens, Florida 33403
Telephone: (561) 627-5300
Facsimile: (561) 625-5629
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

U.S. Mail to Elizabeth M. Rodriguez, Esquire, 100 S.E. 2nd Street, Suite 4500, Miami, Florida

33131 this 17th day of September, 2007.

By: _____
Cynthia K. Mitchell, Esquire

Page 24 of 24